IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| AHMAD T. RAFEE, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | Case No. 2:19-cv-02860-JPM-tmp |
| v. ) | |
| ) | |
| VOLVO GROUP NORTH AMERICA, ) | |
| LLC, ) | |
| ) | |
|    Defendant. ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the Court are the Defendant Volvo Group North America, LLC's ("Volvo") Motion for Summary Judgment, filed on January 14, 2021, and Plaintiff Ahmad T. Rafee's Motion for Partial Summary Judgment, filed on October 9, 2020. (ECF Nos. 41 & 34.) Volvo moves the Court for summary judgment dismissing Rafee's claim for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–34 ("ADEA").[1] (See generally ECF No. 41.) Rafee moves the Court for summary judgment on the issue of whether Rafee has established a prima facie case for age discrimination. (See generally ECF No. 34.)

For the reasons set forth below, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Partial Summary Judgment is **DENIED AS MOOT**.

---

[1] The only additional claim in Rafee's Complaint was for a violation of the Tennessee Human Rights Act. Rafee asserted on August 4, 2020 that he has no claims under the THRA because his employment was in Missisippi. (ECF No. 32 ¶ 6.) Therefore, Rafee's ADEA claim is the only claim remaining in the case.

## I.   BACKGROUND

*A. Factual Background[2]*

This ADEA case arises out of Volvo's May 21, 2019[3] termination of Rafee. (Ex. B, Plaintiff's Response to Defendant's Statement of Undisputed Material Facts ("Plaintiff's Resp."), ECF No. 51-4 at PageID 453.) Rafee was hired as a Warehouse Operator for Volvo on November 16, 2015. (Defendant's Statement of Undisputed Material Facts ("SUMF"), ECF No. 41-1 ¶ 2.) Warehouse Operators are represented by a union. (Id.) Rafee was 63 years old at the time he was hired. (Id.) He was promoted to Team Leader in October of 2016. (Id. ¶ 8; see also Rafee Deposition, ECF No. 41-3 at PageID 260:9-11.) As a Team Leader, Rafee was an at-will employee and not a union employee. (SUMF ¶ 8; see also Rafee Deposition, ECF No. 41-3 at PageID 264:16-21; Lee Isable Declaration, ECF No. 41-3 at PageID 367.)

In May 2019, Volvo investigated allegations that Rafee was aggressive with and screamed profanities at a member of his team, Karmyko Brock.[4] (SUMF ¶ 9.) Although

---

[2] All the facts included in this background are undisputed according to Plaintiff's Response to Defendant's Statement of Undisputed Facts, unless otherwise noted. (See ECF Nos. 41-1 & 51-1.)

[3] The filings in this case are inconsistent regarding the date of termination. From the pleadings, it appears that neither Party disputes that the date of Rafee's termination was May 21, 2019. (See Compl., ECF No. 1 ¶ 29; Answer, ECF No. 17 ¶ 29.) Because the dates in the rest of the filings appear to be typos (see SUMF ¶ 28 ("Volvo terminated Plaintiff on May 21, 20*20*" (emphasis added)); ECF No. 51-4 at PageID 453 (Volvo admitting that Rafee was terminated "on or about May 2*2*, 2019" (emphasis added))) and because neither Party disputes that Rafee was terminated on or around May 21, 2019, the Court will rely on that date throughout this Order.

[4] Rafee disputes SUMF ¶ 9, asserting that Service Market Logistics Manager Michael Johnson never received an initial complaint. (Plaintiff's Resp. ¶ 9.) Rafee's basis for disputing the existence of the initial complaint is that Mr. Brock and the three witnesses all state that they did not file the complaint and Volvo never identified the individual who did file the initial complaint. (Id.) Rafee cites Volvo's Response to Interrogatories No. 6 and 10 as support for his assertion that Volvo never identified the source of the initial complaint against Rafee. (Id.) Interrogatories No. 6 and 10, however, do not ask about the initiation of the investigation and instead ask more broadly why Volvo terminated Rafee's employment, what policies were allegedly violated, whether Volvo conducted an investigation, and whether the findings of that investigation were ever reduced to writing. (Ex. C, Plaintiff's Resp. at PageID 467–68.) It is true that Volvo does not state who filed the initial complaint, but Volvo's Responses do not address the initiation of the investigation, focusing instead on the factual basis for a finding of misconduct. (Id.) Rafee has the burden of demonstrating that there is a genuine dispute of material fact, and his citation to Volvo's Interrogatories Responses fails to create a genuine dispute as to whether a

Rafee and Brock both deny that the incident happened, at least two other witnesses made written statements at the time of Volvo's investigation into the incident stating that Rafee told Brock he was not scared of him and called Brock a "M*****f*****". (ECF No. 41-3 at PageID 359–65.)  Michael Johnson, Rafee's immediate supervisor at the time of his termination, states that after considering the interviews of Brock, Rafee and three uninvolved witnesses, he "concluded that the three uninvolved witnesses were more credible than Mr. Brock and Mr. Rafee.  I believed that the incident occurred as alleged by the three witnesses." (Id. at PageID 360–61.)  After Volvo completed its investigation, Rafee was terminated. (SUMF ¶ 28.)[5]

B.  *Procedural Background*

Rafee filed his Complaint on December 13, 2019. (ECF No. 1.)  He filed a Report as to the Applicability of his THRA Claims on August 4, 2020, asserting that he does not have any claims under the THRA. (ECF No. 32.)  Rafee filed a Motion for Partial Summary Judgment on October 9, 2020, arguing that he established a prima facie case of age discrimination under the ADEA. (ECF No. 34.)  Volvo filed a Response on November 4, 2020, arguing that Rafee's Motion should be denied as premature and that genuine issues of material fact remain regarding whether Rafee was performing his duties in accordance with Volvo's legitimate expectations. (ECF No. 36.)

Volvo filed a Motion for Summary Judgment on January 14, 2021. (ECF No. 41.)  Volvo argues that Rafee cannot establish that age was the "but-for" cause of his termination

---

complaint was ever made.  The only evidence before the Court is that the individuals whom Volvo asked about the alleged incident were not the individuals who filed the complaint.  This is insufficient to create a genuine dispute of fact as to whether a complaint was filed, particularly in light of the fact that anonymous reports are permitted pursuant to Volvo's Code of Conduct.  (See ECF No. 41-3 at PageID 311.)

[5] Although Rafee disputes the reason for his termination, he does not dispute the timing of his termination. (Plaintiff's Resp. ¶ 28.)

and cannot establish that Volvo's articulated legitimate, nondiscriminatory reason for Rafee's termination is pretext. (See generally id.) Rafee filed a Response on March 16, 2021. (ECF No. 51.) Rafee argues that Volvo's alleged nondiscriminatory reason for termination is pretext because there is a genuine dispute of material fact as to whether the altercation between Rafee and Brock ever happened and as to whether Volvo had an honest belief in the nondiscriminatory basis on which it acted. (See generally id.) Volvo filed a Reply on March 31, 2021, arguing that Rafee has failed to produce sufficient evidence to create a dispute of fact as to whether Volvo managers held an honest belief in their reason for terminating Rafee. (ECF No. 52.)

## II.     LEGAL STANDARD

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012).

"In considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the non-moving party." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." Mosholder, 679 F.3d at 448–49; see also Fed. R. Civ. P. 56(e);

Matsushita, 475 U.S. at 587. "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." Martinez v. Cracker Barrel Old Country Store, Inc., 703 F.3d 911, 914 (6th Cir. 2013) (quoting Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012) (en banc)) (internal quotation marks omitted).

In order to "show that a fact is, or is not, genuinely disputed," a party must do so by "citing to particular parts of materials in the record," "showing that the materials cited do not establish the absence or presence of a genuine dispute," or showing "that an adverse party cannot produce admissible evidence to support the fact." L.R. 56.1(b)(3); Bruederle, 687 F.3d at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)); see also Mosholder, 679 F.3d at 448 ("To support its motion, the moving party may show 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting Celotex, 477 U.S. at 325)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]" Martinez, 703 F.3d at 914 (alteration in original) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "[T]he district court has no 'duty to search the entire record to establish that it is bereft of a genuine issue of material fact.'" Pharos Capital Partners, L.P. v. Deloitte & Touche, 535 Fed. Appx. 522, 523 (6th Cir. 2013) (per curiam) (quoting Tucker v. Tennessee, 539 F.3d 526, 531 (6th Cir. 2008), abrogation recognized by Anderson v. City of Blue Ash, 798 F.3d 338 (6th Cir. 2015)).

The decisive "question is whether 'the evidence presents a sufficient disagreement to require submission to a [fact finder] or whether it is so one-sided that one party must prevail as a matter of law.'" Johnson v. Memphis Light Gas & Water Div., 777 F.3d 838, 843 (6th Cir. 2015) (quoting Liberty Lobby, 477 U.S. at 251-52).  Summary judgment "'shall be entered' against the non-moving party unless affidavits or other evidence 'set forth specific facts showing that there is a genuine issue for trial.'" Rachells v. Cingular Wireless Employee Servs., LLC, No. 1:08CV02815, 2012 WL 3648835, at *2 (N.D. Ohio Aug. 23, 2012) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 884 (1990)).  "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." Tingle v. Arbors at Hilliard, 692 F.3d 523, 529 (6th Cir. 2012) (quoting Liberty Lobby, 477 U.S. at 251).  "[I]n order to withstand a motion for summary judgment, the party opposing the motion must present 'affirmative evidence' to support his/her position." Mitchell v. Toledo Hosp., 964 F.2d 577, 584 (6th Cir. 1992) (citing Liberty Lobby, 477 U.S. at 247-254; Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)).  "[C]onclusory assertions, unsupported by specific facts made in affidavits opposing a motion for summary judgment, are not sufficient to defeat a motion for summary judgment." Rachells, 2012 WL 3648835, at *2 (quoting Thomas v. Christ Hosp. and Med. Ctr., 328 F.3d 890, 894 (7th Cir. 2003)).  Statements contained in an affidavit that are "nothing more than rumors, conclusory allegations and subjective beliefs" are insufficient.  See Mitchell, 964 F.2d at 584-85.

### III. ANALYSIS

Pelcha v. MW Bancorp, Inc. sets forth the legal standard applicable to ADEA claims. "The ADEA prohibits employers from terminating employees 'because of such individual's age.'" 988 F.3d 318, 323 (6th Cir. 2021) (hereinafter, "Pelcha II") (quoting 29 U.S.C. § 623(a)(1)). To meet the ADEA's "because of" requirement, a plaintiff must "'prove by a preponderance of the evidence (which may be direct or circumstantial) that age was the "but-for" cause of the challenged employer decision.'" Id. at 323–24 (quoting Gross v. FBL Fin. Servs., Inc., 577 U.S. 167, 177–78 (2009)). "[S]atisfying but-for cause requires plaintiffs to show that age '*had a determinative influence on the outcome*' of the employer's decision-making process." Id. at 324 (emphasis in original) (quoting Gross, 557 U.S. at 176).

"Plaintiffs may show a violation of the ADEA through either direct or circumstantial evidence." Id. (citing Scheik v. Tecumseh Pub. Schs., 766 F.3d 523, 529 (6th Cir. 2014)).

> If a plaintiff cannot show age discrimination with direct evidence, plaintiffs may attempt to show age discrimination with circumstantial evidence, which we evaluate using the three-step burden shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 – 06 [] (1973). This analysis "first requires the plaintiff to establish a prima facie case of discrimination." Miles [v. S. Cent. Hum. Res. Agency, Inc.], 946 F.3d [883,] 887 [(6th Cir. 2020)]. If the plaintiff succeeds, the burden of production shifts to the employer to identify a legitimate, nondiscriminatory reason for the termination. Id. Once the employer identifies a reason, the burden shifts back to the plaintiff to prove the employer's reason is a mere pretext. Id. If the plaintiff prevails, the factfinder may reasonably infer discrimination. Id.
>
> Regardless of the method, though, the ultimate inquiry remains the same: "the evidence must be sufficiently probative to allow a factfinder to believe that the employer intentionally discriminated against the plaintiff because of age." Barnes v. GenCorp, Inc., 896 F.2d 1457, 1466 (6th Cir. 1990).

Pelcha II, 988 F.3d at 324–25. "[T]o defeat summary judgment, [Rafee] must show a genuine dispute of material fact that, if resolved in [his] favor, could persuade a reasonable juror that age was the but-for cause of [his] termination." Id. at 324.

7

Rafee has not produced any direct evidence of age discrimination, and the Parties focus on the McDonell Douglas burden shifting analysis in their briefs. For purposes of Defendant's Motion, Volvo does not contest the issue of whether Rafee can establish his prima facie case under the ADEA. (ECF No. 41-2 at PageID 236 n.2.) Rafee does not contest that Volvo's proffered reason for Rafee's termination, if true, would be a legitimate nondiscriminatory reason. (See generally ECF No. 51.) Because the Parties focus their analyses on the issue of pretext, so will the Court.

"Plaintiffs typically show pretext in one of three ways: '(1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate the employer's action, or (3) that the proffered reasons were insufficient to motivate the employer's action.'" Miles, 946 F.3d at 888 (quoting Chen v. Dow Chem. Co., 580 F.3d 394, 400 (6th Cir. 2009)). "But these are not the only ways that a plaintiff can establish pretext; these three categories are simply a convenient way of marshaling evidence and focusing it on the ultimate inquiry: did the employer fire the employee for the stated reason or not?" Id. (internal quotations omitted). Rafee argues Volvo did not have an "honest belief" that the alleged altercation occurred. (ECF No. 51 at PageID 403–11.)

"When an employer reasonably and honestly relies on particularized facts in making an employment decision, it is entitled to summary judgment on pretext even if its conclusion is later shown to be 'mistaken, foolish, trivial, or baseless.'" Chen, 580 F.3d at 401 (citing Clay v. United Parcel Serv., Inc., 501 F.3d 695, 713–15 (6th Cir. 2007)). "[A]n employee can [] overcome the 'honest belief rule' by pointing to evidence that 'the employer failed to make a *reasonably informed* and considered decision before taking its adverse employment action.'" Babb v. Maryville Anesthesiologists P.C., 942 F.3d 308, 322 (6th Cir. 2019)

(emphasis in original) (quoting Smith v. Chrysler Corp., 155 F.3d 799, 807–08 (6th Cir. 1998)).

Rafee argues that Volvo did not make a "reasonably informed and considered decision" because (1) Volvo did not follow its own disciplinary process; (2) Rafee's comments were not perceived as harassment by other employees; and (3) Volvo's investigation contains inconsistencies. (ECF No. 51 at PageID 406–09.) The Court will address each of these arguments in turn.

First, Rafee asserts that Volvo did not follow its own disciplinary process because Volvo's Rules of Conduct require a progressive disciplinary process, but Volvo moved immediately to terminate Rafee. (Id. at PageID 406.) Volvo argues that the Rules of Conduct cited by Rafee apply only to union employees, and that Rafee, as an at-will employee, could be terminated at any time for any reason. (ECF No. 52 at PageID 533.) The Rules of Conduct document does not speak for itself with respect to the employees to whom it applies. (See ECF No. 41-3 at PageID 369–72 (stating that the document is "established… to protect and preserve the rights of all employees; …and to adhere to the provisions in the Collective Bargaining Agreement concerning no discriminatory practices" but not specifically stating the group of employees to whom it applies).) However, Volvo's Labor Relations Manager, Lee Isable, states that the Rules of Conduct document does not apply to at-will employees, and that at-will employees may be terminated immediately if they engage in serious acts of misconduct, such as harassing and violent behavior. (Isable Declaration, ECF No. 41-3 at PageID 366–68.) Rafee's citation to the language in the Rules of Conduct does not create a genuine dispute as to Isable's statements regarding the document's applicability. Even if Rafee had created a genuine dispute as to the applicability of the Rules of Conduct, "an

9

employer's failure to follow self-imposed regulations or procedures is generally insufficient to support a finding of pretext." Miles, 946 F.3d at 896 (quoting White v. Columbus Metro. Hous. Auth., 429 F.3d 232, 246 (6th Cir. 2005)).

The Rules of Conduct document also states that Volvo "reserves the right to modify or waive any prescribed disciplinary penalties or portions thereof, depending on the facts and circumstances of the case." (ECF No. 41-3 at PageID 372.) Even taking Rafee's assertion that the Rules of Conduct apply to at-will employees as true, Rafee has not created a genuine dispute of material fact as to whether Volvo followed the Rules of Conduct in light of Volvo's reservation of the right to modify or waive the disciplinary penalties set forth in the document.

Second, Rafee argues that his allegedly calling Brock a "M*****f*****" and shouting that he wasn't scared of him, as well as his alleged general use of profanity in meetings and directed at other employees (see ECF No. 41-3 at PageID 358–61), did not constitute harassment because Brock and the employees who worked with Rafee did not perceive his comments as harassing. (ECF No. 51 at PageID 406.) Volvo responds that "even if Rafee's employees were not subjectively upset by his actions, it remains undisputed that Volvo's policies prohibit such conduct." (ECF No. 52 at PageID 532 (citing Rafee Deposition I, Ex.3 & Kinzey Decl., Exs. 1–2, ECF No. 41-3).) Volvo is correct. Its harassment policy defines harassment as "any unwelcome *or unsolicited* verbal… conduct that… creates an intimidating, hostile, or offensive working environment." (ECF No. 41-3 at PageID 350 (emphasis added).) Volvo's Code of Conduct also requires employees to "[a]void behavior that someone else could *reasonably* find offensive or inappropriate." (Id. at PageID 296 (emphasis added).) Neither of these policies requires that the unwelcome or unsolicited

10

verbal conduct subjectively offends every employee who observes or is subjected to the verbal conduct.

Finally, Rafee focuses the majority of his argument on purported inconsistencies in Volvo's investigation into his misconduct. (ECF No. 51 at PageID 407–09.) He argues that (1) Rafee has never been told who filed the initial complaint against him[6] and the written statements are inconsistent with respect to the date of the alleged incident; (2) Rafee denies that the alleged incident occurred and was threatened with termination for maintaining that position; (3) Brock denies that the alleged incident occurred and was also threatened with termination for maintaining that position; and (4) Volvo "does not appear to give [Brock's denial] any credence[.]". (Id.) None of these assertions creates a genuine dispute of material fact as to whether Volvo's decision to terminate Rafee was a reasonably informed and considered decision. The Court first notes that Rafee has pointed to no Volvo policy requiring that he be informed of the identity of the individual who initiated the complaint against him. The remainder of Rafee's argument appears to be that Volvo could not have concluded that the alleged incident happened if Volvo had properly considered Rafee's and Brock's denials.

"The employer's claim of honest belief is necessarily tied to the nature of its investigation and disciplinary decision process." Tingle, 692 F.3d at 531. Johnson details a thorough investigation in his Declaration. (ECF No. 41-3 at PageID 358–61.) This investigation included interviewing three uninvolved individuals regarding the alleged incident, interviewing Brock and Rafee, speaking to other employees about Rafee's conduct more generally, and personally observing Rafee's use of profanity and counseling Rafee about his communication with other employees. (Id.) Johnson states that "[a]fter interviewing the

---

[6] Rafee also asserts that there was never any initial complaint. This Court has already found that Rafee failed to create a genuine dispute of fact as to whether an initial complaint was made. (Supra. n.4.)

11

three witnesses… I found each to be credible.  I also had my own impressions from the meeting with Mr. Brock and I felt he minimized but did not deny Mr. Rafee's actions.  I understood that Mr. Brock's written statement did not align with the three other witnesses and that Mr. Rafee denied the incident altogether.  Taking all of this into consideration, I concluded that the three uninvolved witnesses were more credible than Mr. Brock and Mr. Rafee."  (Id. at PageID 360–61.)  Whether the Court or Rafee "would have come to a different conclusion if they had conducted the investigation is immaterial."  Seeger v. Cincinnati Bell Telephone Co., LLC, 681 F.3d 274, 287 (6th Cir. 2012).

Rafee concludes by asserting that "[t]he coercion of Mr. Brock to change his story to fit the predetermined outcome of Defendant Volvo raises serious questions as to whether or not Defendant Volvo 'honestly believed' the alleged infraction occurred."  (ECF No. 51 at PageID 411.)  Volvo argues that "[t]he fact that Ms. Freeman pressed both Rafee and Mr. Brock to tell the truth is clear evidence that she did not believe their versions of the events at that time and believed, based on the evidence before her at that time, that the incident did in fact occur."  (ECF No. 52 at PageID 535.)  The fact that Brock, an individual whose statements were inconsistent with those of other witnesses, was warned that lying during the course of his employer's investigation into another employee's misconduct could result in his termination does not support a finding that Volvo had predetermined the outcome of its investigation.  Rafee has not created a genuine issue of fact as to whether Volvo held an "honest belief" that the alleged incident occurred.

Furthermore, Rafee "has offered no evidence to indicate that [Volvo] made its decision on grounds *other* than those offered."  Wright v. Murray Guard, Inc., 455 F.3d 702, 709 (6th Cir. 2006) (emphasis added).  Rafee has failed to demonstrate a dispute as to material fact

"sufficient to persuade a reasonable juror that age was the but-for cause of" his termination. Pelcha II, 988 F.3d at 324. Rafee's proffered evidence that age was a factor in his termination is that he was the oldest person working at his office at the time of his termination, he was replaced by a significantly younger individual and Volvo had a policy of replacing older higher-paid workers with younger workers. (ECF No. 51 at PageID 402.) Rafee has pointed to no evidence that he was the oldest worker at the time of his termination, and even if he was the oldest employee, he has pointed to no evidence that Volvo considered that fact in deciding to terminate him. Rafee's age and the age of the individual who replaced him establish the first and fourth prongs of Rafee's prima facie case but "if satisfying the prima facie case requirements alone were enough to establish pretext, then the pretext prong would be superfluous." Miles, 946 F.3d at 895. Finally, Rafee's sole evidence that Volvo had a policy of replacing older workers with young workers is the Declaration of Derrick Jordan. (ECF No. 40.) Absent from Jordan's Declaration is any indication of the position he held at Volvo and any basis for his statement that Volvo had such a policy of replacing older workers with younger ones. These assertions do not demonstrate that Rafee's age was considered by Volvo prior to his termination, let alone that his "age was *the* determinative reason" for his termination. Pelcha II, 988 F.3d at 324.

IV.    CONCLUSION

For each of the reasons set forth above, Volvo's Motion for Summary Judgment is **GRANTED** and Rafee's Motion for Partial Summary Judgment is **DENIED AS MOOT**. Rafee's only remaining claim for a violation of the ADEA is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**, this 19th day of August, 2021.

                                          /s/ Jon P. McCalla  
                                          JON P. McCALLA  
                                          UNITED STATES DISTRICT JUDGE